# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | |
|---|---|
| SHERVETTE RICH, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 3:24-cv-11 |
| | : |
| EQUIFAX INFORMATION SERVICES, LLC; | : |
| EXPERIAN INFORMATION SOLUTIONS, INC.; | : |
| and TRANS UNION, LLC, | : |
| | : |
| Defendants. | : |
| | : |

## COMPLAINT

Plaintiff Shervette Rich, through counsel, files this Complaint against Defendants Experian Information Solutions, Inc.; Equifax Information Services, LLC; and Trans Union, LLC (collectively, "Defendants"). In support of his claims, Plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1. Congress enacted the Fair Credit Reporting Act ("FCRA") to protect consumers from the devastating impacts of inaccurate credit reporting. S. Rep. No. 91-517, at 1 (1969) (explaining that the FCRA was intended to "prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report"); *see also Guimond v. Trans Union Credit Info.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (explaining that the FCRA was enacted "to protect consumers from the transmission of inaccurate information about them and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." (citations omitted)).

2. The statute's express purpose is for "consumer reporting agencies [to] adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel,

insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. 1681(b).

3. Even so, inaccurate credit reporting is still a pervasive, long-standing issue for consumers. For example, in 2012, the FTC published a reporting finding that twenty percent of consumers who participated in its study had at least one error on their credit report.[1] Almost ten years later, the situation was even worse: a 2021 study found that more than 34 percent of surveyed consumers identified at least one error on their credit reports.[2]

4. Here, Plaintiff's mortgage servicer, NewRez LLC, erroneously considered Plaintiff as past due on his home mortgage loan because it improperly deducted amounts from Plaintiff's mortgage payments for insurance payments that Plaintiff did not owe.

5. Experian, Equifax, and Trans Union then erroneously reported Plaintiff's home loan as past due even though Plaintiff timely paid his mortgage each month.

6. When Plaintiff disputed the reporting of his account with Experian, Equifax, and Trans Union, the credit bureaus failed to adequately investigate his disputes or remove the inaccurate information from his reports.

7. As a result, Plaintiff alleges claims against Experian, Equifax, and Trans Union for: (1) violating the FCRA, §1681e(b), by failing to reasonably ensure the maximum possible

---

[1] *See* Fed. Trade Comm'n, *Report to Congress Under Section 319 of the Fair and Accurate Credit Transactions Act of 2003*, at 64 (Dec. 2012), https://www.ftc.gov/sites/default/files/documents/reports/section-319-fair-and-accuratecredit-transactions-act-2003-fifth-interim-federal-trade-commission/130211factareport.pdf.

[2] *See* Syed Ejaz, Consumer Reports, *A Broken System: How the Credit Reporting System Fails Consumers and What to Do About It* (June 10, 2021), https://advocacy.consumerreports.org/wp-content/uploads/2021/06/A-Broken-System-How-the-Credit-Reporting-System-Fails-Consumers -and-What-to-Do-About-It.pdf.

accuracy of his credit reports; and (2) violating the FCRA, §1681i, by failing to fully investigate Plaintiff's disputes.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 12 U.S.C. § 2605(f), and 15 U.S.C. § 1681(p).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District and Division, and a substantial part of the events giving rise to Plaintiff's claims occurred here.

## PARTIES

10. Plaintiff Shervette Rich is a natural person residing in this District and Division.

11. Experian is a foreign corporation authorized to do business in Virginia through its registered offices in Richmond. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

12. Equifax is a foreign limited liability company authorized to do business in Virginia through its registered offices in Richmond. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

13. Trans Union is a foreign limited liability company authorized to do business in Virginia through its registered offices in Richmond. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

## FACTS

14. Plaintiff took out a $33,258 loan for his manufactured home in 1996.

15. NewRez became his mortgage servicer in approximately 2020.

16. NewRez considered Plaintiff past due on his mortgage account because—instead of applying Plaintiff's timely payments to his loan—NewRez applied them to force-placed insurance that Plaintiff did not ask for much less need.

17. As a consequence, Plaintiff's loan was inaccurately reported as past due on his credit reports.

18. Plaintiff first disputed his NewRez account with Experian, Equifax, and Trans Union on September 30, 2022.

19. Plaintiff attached proof that he made each payment timely and in full.

20. Plaintiff further explained that NewRez had erroneously charged him for insurance when he separately paid another insurer directly.

21. Despite Plaintiff's disputes and the supporting information attached to the disputes, Experian, Equifax, and Trans Union relied entirely on NewRez's investigations. None of them conducted any other investigation into Plaintiff's disputes.

22. As a result, the inaccurate information about the NewRez account remained on Plaintiff's credit reports.

23. Plaintiff next disputed his NewRez account with Experian, Equifax, and Trans Union on December 2, 2022.

24. Again, Plaintiff attached proof that he made each payment timely.

25. Experian, Equifax, and Trans Union again relied entirely on NewRez's inadequate investigations, and the inaccurate information remained on Plaintiff's credit reports.

26. As of the date of this filing, the inaccurately reported NewRez account remains on Plaintiff's credit reports.

27. As a result of Defendants' conduct, Plaintiff has suffered significant actual damages, including a decreased credit score, embarrassment, humiliation, and emotional distress.

### *Defendants' FCRA Violations Were Willful*

28. As a standard practice, Experian, Equifax, and Trans Union do not conduct independent investigations in response to consumer disputes. Instead, they merely parrot the response of the furnisher despite several court decisions admonishing this practice. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997) ("The 'grave responsibilit[y]' imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources. Therefore, a 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230–31 (D. N.M. 2006) (noting that credit reporting agencies may not rely on automated procedures that make only superficial inquiries once the consumer has notified it that information is disputed); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

29. Upon information and belief and consistent with their standard policies and procedures, Experian, Equifax, and Trans Union automatically generated their "investigation" results once NewRez verified the status of the account, and they did not take any extra actions to verify the accuracy of the information that the furnisher provided.

30. Instead, Experian, Equifax, and Trans Union blindly accepted NewRez's version of the facts and continued to report the inaccurate, derogatory information on Plaintiff's credit reports.

31. Experian, Equifax, and Trans Union continue the practice of parroting the furnisher's response despite several lawsuits alleging (and establishing) that they fail to conduct a reasonable investigation under the FCRA.

32. Experian, Equifax, and Trans Union do not intend to modify their dispute-processing procedures because doing so would drastically increase their operating expenses.

33. As a result, at all times relevant to this Complaint, Experian's, Equifax's, and Trans Union's conduct was willful and carried out in reckless disregard for a consumer's rights under the FCRA. By example only and without limitation, their conduct was willful because it ran a risk of harm that was known, or so obvious it should have been known, by failing to implement any procedure to identify and correct these common errors before furnishing reports.

## COUNT ONE:
## VIOLATION OF FCRA, 15 U.S.C. § 1681e(b)
## (EXPERIAN, EQUIFAX, and TRANS UNION)

34. Plaintiff incorporates the preceding allegations.

35. Experian, Equifax, and Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained.

36. Because of Experian's, Equifax's, and Trans Union's conduct, Plaintiff suffered actual damages, including, without limitation, a decreased credit score, embarrassment, humiliation, and emotional distress.

37. Experian's, Equifax's, and Trans Union's conduct in violating § 1681e(b) was willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorneys' fees under 15 U.S.C. § 1681n.

38. In the alternative, they were negligent, which entitles Plaintiff to recover under 15 U.S.C. § 1681o.

## COUNT TWO:
## VIOLATION OF FCRA, 15 U.S.C. § 1681i
## (EXPERIAN, EQUIFAX, and TRANS UNION)

39. Plaintiff incorporates the preceding allegations.

40. Experian, Equifax, and Trans Union violated multiple sections of § 1681i, including but not limited to: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate in violation of § 1681i(a)(1); (2) failing to provide NewRez with all the relevant information about Plaintiff's disputes in violation of § 1681i(a)(2); (3) failing to review and consider all relevant information submitted by Plaintiff in violation of §1681i(a)(4); (4) failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A).

41. Because of Experian's, Equifax's, and Trans Union's violations of §1681i, Plaintiff suffered actual damages, including, but not limited to, a decreased credit score, embarrassment, humiliation, and emotional distress.

42. Experian's, Equifax's, and Trans Union's violations of § 1681i were willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorneys' fees under 15 U.S.C. § 1681n.

43. In the alternative, Experian, Equifax, and Trans Union were negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendants as pleaded above; his attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and any other relief the Court finds appropriate.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,

**SHERVETTE RICH**

*/s/ Kristi C. Kelly*
Kristi C. Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
Casey S. Nash, VSB #84261
J. Patrick McNichol, VSB #92699
Matthew G. Rosendahl, VSB # 93738
Kelly Guzzo, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
(703) 424-7572 – Telephone
(703) 591-0167 – Facsimile
Email: kkelly@kellyguzzo.com
Email: aguzzo@kellyguzzo.com
Email: casey@kellyguzzo.com
Email: pat@kellyguzzo.com
Email: matt@kellyguzzo.com

*Counsel for Plaintiff*